WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anita C. Kanu, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. CIV 07-00773-PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Sonny Rock, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ***Introduction***

Simultaneously with the filing of their complaint on April 12, 2007, *pro* plaintiffs, Anita C. Kanu and Caroline Ayodele, filed a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65. See Doc. 1.  Plaintiff Kanu alleges that she "was ordered off the [subject] property in [sic] March 8, 2007 and given 19 days to leave the property."  Id. at 3.  Currently she is seeking a preliminary injunction "revoking the [Arizona Superior Court] eviction proceeding pending the conclusion of the investigation by the Federal Bureau of Investigation or pending the final adjudication of this matter."  Id. at 4.

1   Based upon these allegations, it appears that plaintiff Kanu's
2   eviction *may* be imminent.  Therefore, in its discretion, the court
3   is considering this motion now even though answers or pre-answer
4   motions have yet to be filed.  Likewise, in its discretion, the
5   court has determined that oral argument is not necessary.

6                              ***Discussion***

7   Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears
8   by suggestion of the parties or otherwise that the court lacks
9   jurisdiction of the subject matter, the court shall dismiss the
10  action."  Consistent with that Rule, the court has an independent
11  obligation to examine its subject matter jurisdiction.  Steel
12  Company v. Citizens for a Better Environment, 523 U.S. 83, 94, 118
13  S.Ct. 1003 (1998).  And the court has "the authority to dismiss
14  actions sua sponte for lack of jurisdiction[.]" Molski v. Arby's
15  Huntington Beach, 359 F.Supp.2d 938, 943 (C.D.Cal. 2005) (citing
16  Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337,
17  1342 (9th Cir. 1981)).  That is so because, as the Supreme Court
18  has long recognized, "'without jurisdiction the court cannot
19  proceed at all in any cause.'" Steel Company, 523 U.S. at 94, 118
20  S.Ct. at 1012 (quoting Ex parte McCardle, 7 Wall. 506, 514, 19
21  L.Ed. 264 (1868)).  "'A plaintiff suing in a federal court must
22  show in his pleading, affirmatively and distinctly, the existence
23  of whatever is essential to federal jurisdiction, and, if he does
24  not do so, the court, on having the defect called to its attention
25  or on discovering the same, must dismiss the case, unless the
26  defect be corrected by amendment.'" Tosco Corp. v. Communities For
27  Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (quoting
28  Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338 (1926)).

1   Plaintiffs allege that jurisdiction is "proper[]" in this

2   court "because[] defendant Fremont [Investment and Loans] resides

3   in another state, California."  Doc. 1 at 2.  Therefore, evidently,

4   plaintiff is attempting to assert diversity jurisdiction based upon

5   28 U.S.C. § 1332(a).  That statute provides in relevant part that

6   district courts "shall have original jurisdiction of all civil

7   actions where the matter in controversy exceeds the sum or value of

8   $75,000, exclusive of interest and costs, and is between . . .

9   citizens of different States[.]" 28 U.S.C. § 1332(a)(1).  "In

10  determining whether there is diversity between corporate parties,

11  'a corporation shall be deemed to be a citizen of any State by

12  which it has been incorporated and of the State where it has its

13  principal place of business.'" Tosco, 236 F.3d at 499 (quoting 28

14  U.S.C. § 1332(c)(1)).  "Thus, corporations are citizens of both the

15  state where they are incorporated and the state where they have

16  their principal place of business."  Id.

17  Presumably when plaintiff Kanu alleges that corporate

18  defendant Fremont "resides" in California, she means that that

19  defendant is a citizen of California for diversity purposes.

20  Starting from that assumption, because plaintiff Kanu also is

21  alleging that plaintiff Caroline Ayodele has a California address

22  (and hence presumably is a California citizen), on the face of the

23  complaint complete diversity is lacking.  That is so because

24  "[s]ubject matter jurisdiction based upon diversity of citizenship

25  [under section 1332(a)] requires that no defendant have the same

26  citizenship as any plaintiff."  Id.  Diversity also is destroyed

27  here because from the complaint it appears that plaintiff Kanu is

28  an Arizona citizen, as are defendants Sonny Rock, Michael Heard,

- 3 -

1   and Financial Enterprises.  <u>See</u> Doc. 1 at 2.  Thus complete
2   diversity is destroyed in two ways  – by an Arizona citizen as a
3   plaintiff and citizens of Arizona as defendants, as well as by a
4   California citizen as a plaintiff and a California citizen as a
5   defendant.  Thus, because the court does not have subject matter
6   jurisdiction, it cannot address the merits of plaintiffs'
7   preliminary injunction motion.  Indeed, as set forth above, this
8   lack of subject matter jurisdiction requires that the court dismiss
9   this action in accordance with Fed. R. Civ. P. 12(h)(3).

10      This dismissal is without prejudice, however, to plaintiffs
11  filing and serving an amended complaint properly asserting subject
12  matter jurisdiction. Such a complaint shall be filed and served no
13  later than 20 days from the date hereof.  If no such complaint is
14  filed, this action will be promptly dismissed with prejudice.

15      To conclude, it is ORDERED that plaintiffs' motion for a
16  preliminary injunction (doc.1) is DENIED; and

17      It is further ORDERED that this complaint is DISMISSED WITHOUT
18  PREJUDICE to plaintiffs' filing and serving an amended complaint
19  properly alleging subject matter jurisdiction within twenty (20)
20  days of the date of this order; and

21      FINALLY, if plaintiffs fail to timely file and serve such an
22  amended complaint, the court will dismiss this action with
23  prejudice.

24      IT IS ORDERED.

25      DATED this 26th day of April, 2007.

26
27
28
_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record